**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ANDREW GIANCOLA, RAYMOND T. SCOTT, and PATRICIA SMITH, Individually and On Behalf of All Others Similarly Situated, | Case No.: 8:17-cv-02427-T-33AEP |
| Plaintiffs, | |
| v. | |
| LINCARE HOLDINGS INC., | |
| Defendant. | |

**JOINT MOTION TO STAY THE CASE AND DEFER CURRENT DEADLINES PENDING MEDIATION, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rule 3.01, Plaintiffs Andrew Giancola, Raymond T. Scott, and Patricia Smith ("Plaintiffs") and Defendant Lincare Holdings Inc. ("Defendant," and together with Plaintiffs, the "Parties"), by and through their respective undersigned counsel, hereby jointly move the Court for entry of an order temporarily staying this litigation, and deferring current deadlines relating to pleadings motions, and class certification discovery and briefing, for forty-five (45) days from the date of the filing of this Motion—*i.e.*, through and including March 9, 2018—to allow the Parties to participate in agreed-upon private mediation to explore potential resolution of this matter. The Parties respectfully submit that good cause exists for the relief sought herein, as follows:

1.      Plaintiffs initiated this action by filing their Class Action Complaint on October 16, 2017 (Dkt. No. 1). Pursuant to Local Rule 3.05(c), the Parties held a meeting telephonically on November 15, 2017, to discuss case management, and the Parties jointly filed a Case Management Report on November 20, 2017 (Dkt. No. 21). On November 29, 2017, the Parties conferred

telephonically with the Court regarding scheduling matters (Dkt. No. 22), and on December 5, 2017, the Court entered a Case Management and Scheduling Order (the "CMSO") (Dkt. No. 24), setting deadlines for, *inter alia*, class certification discovery and briefing—*i.e.*, the deadline for discovery relating to class certification expires on February 28, 2018, Plaintiffs' Motion for Class Certification is due on March 30, 2018, and Defendant's response to Plaintiffs' Motion for Class Certification is due on April 30, 2018.

2.      On December 11, 2017, Defendant filed a Motion to Dismiss Plaintiffs' Complaint and to Strike Complaint Allegations (Dkt. No. 25), which the Court denied as moot by Order dated January 2, 2018 (Dkt. No. 27), due to Plaintiffs' filing of their First Amended Class Action Complaint on December 29, 2017 (the "Amended Complaint") (Dkt. No. 26).  On January 3, 2018, the Parties jointly filed a motion (Dkt. No. 28) seeking, *inter alia*, an extension of time to complete briefing related to motions on the pleadings—*i.e.*, Defendant's anticipated motion to dismiss and motion to strike allegations from Plaintiffs' Amended Complaint must be filed by January 26, 2018, and Plaintiffs' response to any such motion to dismiss and to strike must be filed by February 23, 2018—which the Court granted by Order dated January 6, 2018 (Dkt. No. 29).

3.      Since the time the Court entered the CMSO, and in accordance therewith, the Parties have been diligently engaged in discovery relating to class certification.  Plaintiffs have served written interrogatories and two sets of requests for production of documents on Defendant, and Defendant has served sets of written interrogatories and requests for production of documents on each of the three named Plaintiffs.  Plaintiffs have responded to Defendant's interrogatories, and have produced documents in response to Defendant's documents requests.  Defendant has responded to Plaintiffs' interrogatories, and has begun—and is currently still in the process of—producing documents in response to Plaintiffs' document requests.  The Parties will be required to

expend considerably more time, resources, and effort to complete discovery relating to class certification—including taking multiple depositions that have not yet occurred, and producing and reviewing thousands of pages of documents related to class certification discovery that have not yet been produced—by the current discovery deadline of February 28, 2018, as set forth in the CMSO.

4.      Recently, the Parties have engaged in informal discussions regarding possible resolution of the action.  As a result of these discussions, the Parties have agreed to participate in private mediation with mediator Steven R. Jaffe of Upchurch Watson White & Max Mediation Group, which is currently scheduled for **February 20, 2018,** in the Tampa, Florida area.  This is the earliest possible date on which the Parties, their counsel, and Mr. Jaffe were all available for the private mediation session.

5.      Accordingly, in order to preserve the resources of Parties and the Court, and in order to allow the Parties to focus their time, resources, and effort on possible resolution of this matter through agreed-upon private mediation, the Parties respectfully request a temporary stay of the proceedings, and a deferral of all current deadlines related to pleadings motions, and class certification discovery and briefing, for forty-five (45) days from the date of the filing of this Motion, through and including March 9, 2018.  On that date, the Parties shall propose a schedule to the Court for either (i) the continuation of the litigation with new proposed deadlines, or (ii) a proposed schedule for settlement-related proceedings, if the Parties are successful in their settlement negotiations.

6.      "The Court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *See Chico v. Dunbar Armored, Inc.*, No. 1:17-cv-22701-EGT, 2017 U.S. Dist. LEXIS 166035, at *3 (S.D. Fla. Oct. 6, 2017) (citing *Clinton v. Jones*, 520 U.S. 681, 706

(1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")); *see also Danner Constr. Co. v. Hillsborough City*, No. 8:09-cv-650-T-17TBM, 2009 U.S. Dist. LEXIS 92716, at 3 (M.D. Fla. Sep. 24, 2009) ("It is well established that district courts have inherent authority to issue stays in many circumstances.") (citing *Trujillo v. Conover & Co. Commc'ns., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000); *Myron v. Rodriguez*, No. 3:06-cv-1051-J-TEM, 2008 U.S. Dist. LEXIS 13302 (M.D. Fla. Feb. 22, 2008)).  Further, the Parties must demonstrate reasonableness and good cause to justify a stay.  *Chico*, 2017 U.S. Dist. LEXIS 166035, at *3-4.  In deciding whether this burden is satisfied, courts consider "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court."  *Id.* at *4-5.  Courts may also consider "[t]he scope of the stay, including it[s] potential duration."  *Danner*, 2009 U.S. Dist. LEXIS 92716, at *4 (citing *Myron*, 2008 U.S. Dist. LEXIS 13302, at *3).

7.      Courts have routinely granted a temporary stay where, as here, the parties jointly requested a stay to participate in mediation, as a stay in such instances "will conserve the resources of the parties and will not impose an inequity on any party."  *See, e.g.*, *Chico*, 2017 U.S. Dist. LEXIS 166035, at *5 (quoting *ArrivalStar, S.A. v. Blue Sky Network, Ltd. Liab. Co.*, No. CV 11-4479 SBA, 2012 U.S. Dist. LEXIS 22316, at *4 (N.D. Cal. Feb. 21, 2012)); (citing *Advanced Bodycare Solutions., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances and granting a stay to permit mediation (or to require it) will often be appropriate.")); *Curwen v. Dynan*, No. C11-

05598BHS, 2012 U.S. Dist. LEXIS 51699, at *5 (W.D. Wash. Apr. 12, 2012) ("The Court concludes that [defendant] has shown good cause to justify a stay of discovery pending mediation. A short stay of discovery pending mediation could conserve the resources of the parties and will not impose an inequity on any party."); *Rodriguez v. Universal Prop. & Cas. Ins. Co.*, No. 16-60442-CIV, 2016 U.S. Dist. LEXIS 191463, at *3 (S.D. Fla. Oct. 26, 2016) ("Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency.") (quoting *Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*, No. 10-61987-CIV, 2011 U.S. Dist. LEXIS 41104, at *15 (S.D. Fla. Apr. 15, 2011)); *Warren v. Cook Sales, Inc.*, No. 15-0603-WS-M, 2016 U.S. Dist. LEXIS 30607, at *3 (S.D. Ala. Mar. 10, 2016) ("[T]here are considerable benefits to staying this action to enable the parties to focus their efforts on reaching an amicable resolution in the short term."); *Ins. Co. of the W. v. Ollinger Constr., Inc.*, No. 11-0575-WS-N, 2011 U.S. Dist. LEXIS 128551, at *4 (S.D. Ala. Nov. 7, 2011) ("In short, there appear to be considerable benefits to entering a temporary stay at this time to enable the parties to focus their efforts on reaching an amicable resolution without being distracted by the press of litigation as this action spins up to 'full speed ahead' status. The Eleventh Circuit has deemed stays for such purposes to be appropriate and proper."); *Ford v. BAC Home Loans Servicing, LP*, No. 11-0419-WS-N, 2011 U.S. Dist. LEXIS 123776, at *4 (S.D. Ala. Oct. 25, 2011) (same).

7.    As the Parties submit this request jointly, in good faith, at an early stage of litigation, for a modest duration of time, and for the sole purpose of participating in a private mediation which may result in the resolution of all claims pending in the action, the requested relief will allow the Parties to focus their time, resources, and effort on potential resolution of this matter, and thus will substantially reduce the burden on, and preserve the resources of, the Parties and the Court.

WHEREFORE, the Parties respectfully request this Motion be granted, and the Court temporarily stay this litigation and defer all current deadlines, including those related to pleadings motions, and class certification discovery and briefing, for forty-five (45) days from the date of the filing of this Motion—*i.e.*, through and including March 9, 2018—to allow the Parties to participate in agreed-upon and scheduled private mediation to explore potential resolution of this matter. On that date, the Parties shall propose a schedule to the Court for either (i) the continuation of the litigation with new proposed deadlines, or (ii) a proposed schedule for settlement-related proceedings, if the Parties are successful in their settlement negotiations.

Respectfully submitted,

Dated: January 23, 2018

**JOHNSON FISTEL, LLP**

/s/ *David A. Weisz*
DAVID A. WEISZ (admitted *pro hac vice*)

Michael I. Fistel, Jr. (admitted *pro hac vice*)
40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
Email: MichaelF@johnsonfistel.com
       DavidW@johnsonfistel.com

**JOHNSON FISTEL, LLP**
Frank J. Johnson (admitted *pro hac vice*)
Phong L. Tran (admitted *pro hac vice*)
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
Email: FrankJ@johnsonfistel.com
       PhongT@johnsonfistel.com

**TRAGOS, SARTES & TRAGOS, PLLC**
Peter L. Tragos
601 Cleveland St., Suite 800
Clearwater, FL 33755
Telephone: (727) 441-9030
Facsimile: (727) 441-9254
Florida Bar No.: 0106744
Email: PeterTragos@greeklaw.com
        Linda@greeklaw.com

*Counsel for Plaintiffs*

Dated: January 23, 2018                    **PHELPS DUNBAR LLP**

                                        */s/ Michael S. Hooker*
                                   MICHAEL S. HOOKER (Fl. Bar No. 330655)

                                   Jason A. Pill
                                   Florida Bar No.: 0070284
                                   100 South Ashley Drive, Suite 1900
                                   Tampa, FL 33602-5311
                                   Telephone: (813) 472-7550
                                   Facsimile: (813) 472-7570
                                   Email: Michael.Hooker@phelps.com
                                           Jason.Pill@phelps.com

                                   *Counsel for Defendant*

## RULE 3.01(G) CERTIFICATION

The undersigned counsel certifies that he has conferred with Defendant's counsel, and that counsel agree on the resolution of this motion.

Dated: January 23, 2018                                   **JOHNSON FISTEL, LLP**

*/s/ David A. Weisz*

DAVID A. WEISZ (admitted *pro hac vice*)

40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
Email: DavidW@johnsonfistel.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on this day, he electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

DATED: January 23, 2018                                   **JOHNSON FISTEL, LLP**

*/s/ David A. Weisz*

DAVID A. WEISZ (admitted *pro hac vice*)

40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
Email: DavidW@johnsonfistel.com