**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDREW GIANCOLA, RAYMOND T. SCOTT, and PATRICIA SMITH, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

LINCARE HOLDINGS INC.,

Defendant.

Case No.: 8:17-cv-02427-T-33AEP

**JOINT MOTION TO EXTEND STAY OF THE CASE AND DEFER ALL DEADLINES PENDING PARTIES' COMPLETION OF SETTLEMENT NEGOTIATIONS, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rule 3.01, Plaintiffs Andrew Giancola, Raymond T. Scott, and Patricia Smith ("Plaintiffs") and Defendant Lincare Holdings Inc. ("Defendant" and together with Plaintiffs, the "Parties"), by and through their respective undersigned counsel, hereby jointly move the Court for entry of an order extending the stay of this litigation, and deferring all deadlines, for forty-five (45) days from the date of expiration of the original stay and deferral of deadlines previously granted by the Court—*i.e.*, through and including April 23, 2018—to allow the Parties to complete negotiation of the remaining terms of the settlement which was agreed-to in principle by the Parties at a mediation held on February 20, 2018 in the above-captioned action ("Action"). The Parties respectfully submit that good cause exists for the relief sought herein, as follows:

1. On January 23, 2018, the Parties filed their Joint Motion to Stay the Case and Defer Current Deadlines for forty-five (45) days—through and including March 9, 2018—to allow the Parties to participate in mediation agreed-upon and scheduled by the Parties for February 20, 2018 (Dkt. No. 30), and for the purpose of preserving the resources of Parties and the Court, and

allowing the Parties to focus their time, resources, and effort on possible resolution of this matter through mediation.

2. The Court granted the Parties' joint request by Order dated January 24, 2018 (Dkt. No. 31), staying and administratively closing this case until March 9, 2018, directing that the Parties are to inform the Court of the status of this case by March 9, 2018, and noting that this case will automatically return to active status on March 12, 2018, unless the Court orders otherwise.

3. As represented by the Parties' in their initial request to stay the case and defer deadlines, the Parties participated in their agreed-upon private mediation as scheduled on February 20, 2018 in Tampa, Florida, with mediator Steven R. Jaffe of Upchurch Watson White & Max Mediation Group.

4. At mediation, the Parties agreed in principal to the material terms and structure of a settlement that, if approved, will resolve this case in-full, on a class-wide basis, subject to finalization of the Parties' settlement through subsequent negotiation of remaining settlement terms. Upon conclusion of mediation, the Parties agreed to continue to negotiate, in good faith, the remaining settlement terms, as well as to draft and negotiate a comprehensive written stipulation and agreement reflecting and memorializing the Parties' settlement, as soon as practicable. Mr. Jaffe also agreed to continue to oversee the remaining settlement discussions.

5. The Parties are still currently engaged in negotiation of the remaining settlement terms and finalization of the Parties' settlement, and the drafting and negotiation of a comprehensive, written stipulation and agreement reflecting and memorializing the Parties' settlement. Plaintiffs are also engaged in drafting preliminary settlement approval papers, which they intend to submit for the Court's review and consideration upon finalization of the Parties' settlement.

6. Accordingly, in order to preserve the resources of Parties and the Court, and in order to allow the Parties to focus their time, resources, and effort on negotiating the remaining settlement terms and finalizing the settlement, on drafting and negotiating a written, comprehensive stipulation and agreement reflecting and memorializing the Parties' settlement, and on drafting preliminary settlement approval papers for the Court's review and consideration, the Parties respectfully request an extension of the temporary stay of these proceedings, and deferral of all deadlines, for forty-five (45) days from the expiration of the original stay and deferral of deadlines granted by the Court—*i.e.*, through and including April 23, 2018. On that date, either: (i) Plaintiffs will submit to the Court preliminary settlement approval papers, including a stipulation and agreement reflecting and memorializing the Parties' comprehensive settlement; or (ii) the Parties will provide the Court with another status update and proposed schedule, if the Parties are still engaged in negotiation of remaining settlement terms.

7. "The Court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *See Chico v. Dunbar Armored, Inc.*, No. 1:17-cv-22701-EGT, 2017 U.S. Dist. LEXIS 166035, at *3 (S.D. Fla. Oct. 6, 2017) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")); *see also Danner Constr. Co. v. Hillsborough Cty.*, No. 8:09-cv-00650-T-17TBM, 2009 U.S. Dist. LEXIS 92716, at *3 (M.D. Fla. Sep. 24, 2009) ("It is well established that district courts have inherent authority to issue stays in many circumstances.") (citing *Ortega Trujillo v. Conover & Co. Comm.*, 221 F.3d 1262, 1264 (11th Cir. 2000); *Myron v. Rodriguez*, No. 3:06-cv-01051-J-TEM, 2008 U.S. Dist. LEXIS 13302 (M.D. Fla. Feb. 22, 2008)). Further, the Parties must demonstrate reasonableness

and good cause to justify a stay. *Chico*, *supra* at *3-4. In deciding whether this burden is satisfied, courts consider "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.* at *4-5 (citation omitted). Courts may also consider "[t]he scope of the stay, including it[s] potential duration." *Danner*, *supra* at *4 (citing *Myron*, *supra* at *3).

8. Courts have routinely granted a temporary stay where, as here, the parties jointly requested a stay to negotiate settlement terms. *See, e.g.*, *United States CFTC v. Vision Fin. Partners, LLC*, No. 16-cv-60297-JIC-BSS, 2017 U.S. Dist. LEXIS 115031, at *1 (S.D. Fla. Jan. 20, 2017) ("On August 10, 2016, the Court stayed this case upon the parties' Joint Motion to Stay Proceedings Pending Finalization of Proposed Settlement."); *Hatcher v. Desoto Cty. Sch. Dist. Bd. of Educ.*, No. 2:13-cv-00138-FtM-38DNF, 2014 U.S. Dist. LEXIS 99454, at *3-4 (M.D. Fla. July 22, 2014) ("In this case, the parties previously advised they had reached a tentative settlement and requested the Court to stay proceedings until they finalized a settlement agreement. The Court granted the parties' request and stayed the case until July 28, 2014."); *Haynes v. Shoney's*, No. 89-cv-30093-RV, 1993 U.S. Dist. LEXIS 749, at *14 (N.D. Fla. Jan. 25, 1993) ("[S]hortly after this case was commenced, the parties jointly moved for, and the court ordered, a stay of all litigation activity in order to permit the parties to exchange information pertinent to settlement negotiations and to attempt to negotiate a settlement.").

9. As the Parties submit this request jointly, in good faith, at an early stage of litigation, for a modest duration of time, and for the sole purpose of negotiating remaining settlement terms and finalizing the Parties' settlement, drafting and negotiating a comprehensive,

written stipulation and agreement reflecting and memorializing the Parties' settlement, and drafting preliminary settlement approval papers for the Court's review and consideration, the requested relief will allow the Parties to focus their time, resources, and effort on resolution of this matter, and thus will substantially reduce the burden on, and preserve the resources of, the Parties and the Court.

WHEREFORE, the Parties respectfully request this Motion be granted, and the Court extend the stay of this litigation, and defer all deadlines, for forty-five (45) days from the date of expiration of the original stay and deferral of deadlines granted by the Court—*i.e.*, through and including April 23, 2018—to allow the Parties to complete negotiation of remaining settlement terms and finalize the Parties' settlement, to complete drafting and negotiation of a comprehensive, written stipulation and agreement reflecting and memorializing the Parties' settlement, and to draft preliminary settlement approval papers for the Court's review and consideration. On that date, either: (i) Plaintiffs will submit to the Court preliminary settlement approval papers, including a stipulation and agreement reflecting and memorializing the Parties' comprehensive settlement; or (ii) the Parties will provide the Court with another status update and proposed schedule, if the Parties are still engaged in negotiation of remaining settlement terms.

Respectfully submitted,

Dated: March 9, 2018

**JOHNSON FISTEL, LLP**

/s/ *David A. Weisz*
DAVID A. WEISZ (admitted *pro hac vice*)

Michael I. Fistel, Jr. (admitted *pro hac vice*)
40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
Email: MichaelF@johnsonfistel.com
DavidW@johnsonfistel.com

**JOHNSON FISTEL, LLP**
Frank J. Johnson (admitted *pro hac vice*)
Phong L. Tran (admitted *pro hac vice*)
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
Email: FrankJ@johnsonfistel.com
PhongT@johnsonfistel.com

**TRAGOS, SARTES & TRAGOS, PLLC**
Peter L. Tragos
601 Cleveland St., Suite 800
Clearwater, FL 33755
Telephone: (727) 441-9030
Facsimile: (727) 441-9254
Florida Bar No.: 0106744
Email: PeterTragos@greeklaw.com
Linda@greeklaw.com

*Counsel for Plaintiffs*

Dated: March 9, 2018

**PHELPS DUNBAR LLP**

*/s/ Michael S. Hooker*
MICHAEL S. HOOKER (Fl. Bar No. 330655)

Jason A. Pill
Florida Bar No.: 0070284
100 South Ashley Drive, Suite 1900
Tampa, FL 33602-5311
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
Email: Michael.Hooker@phelps.com
Jason.Pill@phelps.com

*Counsel for Defendant*

**RULE 3.01(G) CERTIFICATION**

The undersigned counsel certifies that he has conferred with Defendant's counsel, and that counsel agree on the resolution of this motion.

Dated: March 9, 2018

**JOHNSON FISTEL, LLP**

*/s/ David A. Weisz*

DAVID A. WEISZ (admitted *pro hac vice*)

40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
Email: DavidW@johnsonfistel.com

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on this day, he electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

DATED: March 9, 2018

**JOHNSON FISTEL, LLP**

*/s/ David A. Weisz*

DAVID A. WEISZ (admitted *pro hac vice*)

40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
Email: DavidW@johnsonfistel.com