UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ANDREW GIANCOLA, RAYMOND T. SCOTT, and PATRICIA SMITH, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>LINCARE HOLDINGS INC.,<br><br>        Defendant. | Case No.: 8:17-cv-2427-T-33AAS |

**ORDER PRELIMINARILY APPROVING CLASS ACTION, CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE TO THE SETTLEMENT CLASS, AND APPOINTING SETTLEMENT CLASS REPRESENTATIVES, <u>CLASS COUNSEL, AND LIAISON COUNSEL</u>**

This matter comes before the Court pursuant to Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement (Doc. # 39), under Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Settlement Agreement and Release, dated May 14, 2018 (the "Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Parties and for dismissal of the Litigation against the Defendant and the Released Persons with prejudice upon the terms and conditions set forth therein.

Having reviewed the Agreement, including the Exhibits attached thereto, and good cause appearing based on the record, the Court hereby **ORDERS, ADJUDGES,** and **DECREES** as follows:

1. **Defined Terms.**  The Court, for purposes of this Order, adopts the defined terms as set forth in the Agreement for any term not otherwise defined herein.

2. **Class Certification for Settlement Purposes Only.**  The Agreement provides for a Settlement Class defined as follows:

> All current and former employees of Lincare Holdings Inc., including its subsidiaries and affiliated companies, who, on or about February 3, 2017, had their personally-identifiable information, including names, addresses, social security numbers, and/or W-2 information, compromised and/or disseminated by Lincare to a third-party or parties, without authorization or consent.

The Litigation is provisionally certified as a class action for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e).  The Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts, and seek similar relief, as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

3. **Settlement Class Representatives and Class Counsel.**  Plaintiffs Andrew Giancola, Raymond T. Scott, and Patricia Smith are designated as the Settlement Class Representatives.  The Court finds that the Settlement Class Representatives are similarly-situated

to absent Class Members and therefore typical of the Class, and that they will be adequate Settlement Class Representatives.

The Court finds that Plaintiffs' Counsel are experienced and adequate, and are hereby designated to represent the Settlement Class, pursuant to Fed. R. Civ. P. 23(g), as follows:

| **Class Counsel** | **Liaison Counsel** |
|---|---|
| JOHNSON FISTEL, LLP<br>Michael Fistel<br>David A. Weisz<br>Murray House<br>40 Powder Springs Street<br>Marietta, GA 30064<br>Telephone: (770) 200-3104<br>Facsimile: (770) 200-3101<br>Email: MichaelF@johnsonfistel.com<br>        DavidW@johnsonfistel.com | TRAGOS, SARTES & TRAGOS, PLLC<br>Peter L. Tragos, Esq.<br>601Cleveland St., Suite 800<br>Clearwater, FL 33755<br>Telephone: (727) 441-9030<br>Facsimile: (727) 441-9254<br>Florida Bar No.: 0106744<br>Email: PeterTragos@greeklaw.com<br>        Linda@greeklaw.com |

4. **Preliminary Settlement Approval.** Upon preliminary review and consideration of the Preliminary Approval Motion and the Settlement, the Court finds that the proposed Settlement is sufficiently fair, reasonable, and adequate on its face to warrant providing Notice of the Settlement to the Class, and accordingly is preliminarily approved.

5. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

6. **Final Approval Hearing.** A Final Approval Hearing shall be held on **October 25, 2018, at 10:00 AM** in Tampa Courtroom 14B of the Sam S. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) the Litigation should be dismissed with

prejudice pursuant to the terms of the Agreement; (d) Parties and the Settlement Class Members should be bound by the Releases set forth in the Agreement; (e) the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of Settlement Class Representatives for Service Awards should be approved.

Plaintiffs' motion for final approval of the Settlement (the "Final Approval Motion"), and Plaintiffs' motion for the Service Awards to Settlement Class Representatives and an award of attorneys' fees and reimbursement of expenses, shall each be filed with the Court no later than thirty (30) calendar days after the Notice Deadline.  Any Settlement Class Member objections to the Settlement, the request for Service Awards to Settlement Class Representatives, or the request for an award of attorneys' fees and reimbursement of expenses shall be filed no later than sixty (60) calendar days after the Notice Deadline.  Defendant's response, if any, to the request for an award of attorneys' fees and reimbursement of expenses shall be filed no later than sixty (60) calendar days after the Notice Deadline.  Plaintiffs shall file responses, if any, to any Settlement Class Member objections, including objections to the requested attorneys' fees and reimbursement of expenses, and shall file any other papers in further support of the Settlement, and the request for Service Awards to Settlement Class Representatives, by no later than seven (7) calendar days prior to the Final Approval Hearing.

7. **<u>Administration</u>.**  The Court appoints Epiq Systems, Inc. as the Settlement Administrator, with responsibility for Class Notice and claims administration.  Lincare shall pay all costs and expenses associated with providing Notice to Settlement Class Members including, but not limited to, the Settlement Administrator's fees.  These payments shall be made by Lincare

separate from and in addition to all other consideration and relief provided or offered by Lincare as part of the Settlement.

8. **Notice to the Class.** The proposed Notice Program set forth in the Agreement, and the Claim Form, Postcard Notice, and Long Form Notice, attached to the Agreement as Exhibits A, B, and C, respectively, satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1) and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Agreement, including but not limited to Sections VIII and IX thereof.

By no later than thirty (30) days after entry of this Order, (the "Notice Deadline"), the Settlement Administrator shall complete, in the manner set forth in Section IX of the Agreement, the Notice Program, including the Mail Notice Program, the posting of Notice on the Settlement Website, and the creation of the Telephone Hotline and corresponding call center.

Within seven (7) calendar days after the Notice Deadline, the Settlement Administrator shall provide Class Counsel and Lincare's counsel with one or more affidavits confirming that the Mail Notice, posting of Notice on the Settlement Website, and creation of the Telephone Hotline were completed in accordance with the Parties' instructions and the Court's approval. Such affidavit(s) shall be filed with the Court as an exhibit to or in conjunction with the Final Approval Motion.

9. **Findings Concerning Notice.** The Court finds that the form, content, and method of giving notice to the Class, as described in Paragraph 8 of this Order and in the Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights

under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

10.  **Class Action Fairness Notice.**  Within ten (10) calendar days after the filing of the Preliminary Approval Motion, Lincare shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). Within thirty (30) calendar days after entry of this Order, Lincare shall file with the Court a notice of compliance with 28 U.S.C. § 1715.

11.  **Exclusion from Class.**  Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than sixty (60) calendar days after the Notice Deadline (the "Opt-Out Deadline"). The written notification must include: (i) the name of this Litigation; (ii) the individual's name and address; (iii) a statement that he or she wants to be excluded from the Litigation; and (iv) the individual's signature.

The Settlement Administrator shall provide the Parties with weekly reports and, no later than ten (10) calendar days after the Opt-Out Deadline, a final report to Class Counsel and Lincare's counsel, summarizing the number of written notifications of exclusions received that week, the total number of written notifications of exclusions received to date, and other pertinent

information as requested by Class Counsel or Lincare's counsel. The Settlement Administrator shall also provide the Parties with a final list of all who have timely and validly excluded themselves from the Settlement Class.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement. If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims released in the Agreement. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

12. **Objections and Appearances.** A Settlement Class Member who complies with the requirements of this Paragraph may object to the Settlement, the Service Awards Request, or the Fee and Expense Request. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel and Lincare's counsel, at the addresses provided at the Settlement Website, and postmarked by no later than the Objection Deadline, as specified in the Notice. For an objection to be considered by the Court, the objection must also set forth the following:

    a.    the name of the Litigation;

    b.    the objector's full name, address, email address, and telephone number;

        c.        an explanation of the basis upon which the objector claims to be a Settlement Class Member;

        d.        all grounds for the objection, accompanied by any legal support for the objection;

        e.        the identity of all counsel who represent the objector, including any former or current counsel who previously represented the objector and may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Awards;

        f.        the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

        g.        the number of times in which the objector has objected to a class action settlement within the five years preceding the date on which the objector files the objection, the caption of each case in which the objector has made such objections, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

        h.        the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objections, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

        i.        any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between the objector or objector's counsel and any other person or entity;

j.	a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

k.	a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

l.	the objector's signature on the written objection (an attorney's signature is not sufficient).

Any Settlement Class Member filing an objection may be required to sit for a deposition regarding matters concerning the objection.  Any Settlement Class Member who fails to comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the Release in the Agreement, if Final Judgment is entered.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Awards Request, or the Fee and Expense Request.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in the Litigation or in any other proceeding, or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Agreement, the Service Awards Request, or the Fee and Expense Request.

13. **Claims Process and Distribution and Allocation Plan.** Settlement Class Representatives and Lincare have created a process for the Settlement Claims Administrator to assess and determine the validity and value of Claims, and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. Pursuant to the Agreement, the deadline by which Class Members must submit a valid Claim Form to be eligible for relief under the Settlement shall be ninety (90) calendar days after the Notice Deadline (the "Claims Deadline"). If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a Claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Agreement, the Release included in that Agreement, and the Final Judgment.

14. **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with Section XIII of the Agreement. In such event, the Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

15. **Use of Order.** This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date, and shall not be construed or used as an admission, concession, or declaration by or against Lincare of any fault, wrongdoing, breach, or liability. Nor

shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs, any Settlement Class Representative, or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this Litigation or in any other lawsuit.

16. **Stay of Proceedings and Preliminary Injunction.** Except as necessary to effectuate this Order, and except as related to the Settlement in this Litigation, the Litigation and all deadlines set by the Court in the Litigation are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further order of this Court.

Any actions or proceedings pending or filed in any court in the United States by a Settlement Class Member based on or relating to the Phishing Attack, or concerning the Released Claims as defined in Section XI of the Agreement, shall be stayed pending the Final Approval Hearing and issuance of the Final Judgment.

17. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

18. **Summary of Deadlines.** The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Agreement and this Order include, but are not limited to:

- **Deadline for Defendant to serve CAFA notices**: Ten (10) calendar days after filing of the Preliminary Approval Motion.
- **Notice Deadline**: Thirty (30) calendar days after entry of this Order.

- **Deadline for Defendant to file notice of CAFA compliance**:  Thirty (30) calendar days after entry of this Order.

- **Deadline for Settlement Administrator to provide Class Counsel and Lincare's counsel with affidavit(s) confirming completion of Notice Program**:  Seven (7) calendar days after the Notice Deadline.

- **Plaintiffs' Motion for Final Approval**:  Thirty (30) calendar days after the Notice Deadline.

- **Motion for the Service Awards Request and Fee and Expense Request**:  Thirty (30) calendar days after the Notice Deadline.

- **Settlement Class Member Opt-Out and Objection Deadlines**:  Sixty (60) calendar days after the Notice Deadline.

- **Defendant's Response to Plaintiffs' Motion for the Fee and Expense Request**:  Sixty (60) calendar days after the Notice Deadline.

- **Deadline for Settlement Administrator to provide final exclusions report**:  Ten (10) calendar days after Opt-Out Deadline.

- **Deadline to file Settlement Administrator affidavit(s) confirming completion of Notice Program**:  Seven (7) calendar days prior to the Final Approval Hearing.

- **Claims Deadline**:  Ninety (90) calendar days after the Notice Deadline.

- **Plaintiffs' Response to Settlement Class Member Objections, including objections to the Fee and Expense Request, and deadline to file further papers in support of the Settlement, and Service Awards Request**:  Seven (7) calendar days prior to the Final Approval Hearing.

- **Final Approval Hearing**:  October 25, 2018, at 10:00 AM.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida on this 22nd day of May, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE