UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ANDREW GIANCOLA, RAYMOND T. SCOTT, and PATRICIA SMITH, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LINCARE HOLDINGS INC.,<br><br>Defendant. | Case No.: 8:17-cv-2427-T-33AEP |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter comes before the Court pursuant to Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. # 46) and Plaintiffs' Motion for Attorneys' Fees and Expenses, and Service Awards to the Settlement Class Representatives (Doc. # 47), both filed on July 20, 2018. The Court held a final fairness hearing on November 5, 2018. No objections to the settlement were filed and no objectors appeared at the fairness hearing. At the conclusion of the hearing, the Court directed Plaintiffs to provide further briefing on the fairness of the settlement, including attorney's fees. (Doc. # 55). On December 3, 2018, in accordance with the Court's directive, Plaintiffs filed a Supplemental Memorandum. (Doc. # 58). For the reasons stated at the hearing and further explained below, the Court grants the Motions.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Agreement and all Exhibits attached thereto, and all terms used herein shall have the same meanings as set forth in the Agreement and its Exhibits, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of settlement only, a Class defined as All current and former employees of Lincare Holdings Inc., including its subsidiaries and affiliated companies, who, on or about February 3, 2017, had their personally-identifiable information, including names, addresses, social security numbers, and/or W-2 information, compromised and/or disseminated by Lincare to a third-party or parties, without authorization or consent. Excluded from the Settlement Class are the four persons who submitted valid and timely requests for exclusion from the Class. The identity of those individuals is confidential and has been filed under seal on October 12, 2018.

4. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints, for purposes of settlement only, Johnson Fistel, LLP and Tragos, Sartes & Tragos, PLLC as Class Counsel and Liaison Counsel, respectively. Plaintiffs Andrew Giancola, Raymond Scott, and Patricia Smith, are hereby appointed as Settlement Class Representatives.

5. For purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of the Settlement Class Representatives are typical of the claims of the Class; (d) Settlement Class Representatives and their counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Class Members in individually controlling the

prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Agreement and finds that:

    (a)    said Agreement and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class;

    (b)    there was no collusion in connection with the Agreement or the Settlement;

    (c)    the Agreement was the product of informed, arm's-length negotiations among competent, able counsel; and

    (d)    the Litigation has sufficiently progressed to have enabled the Settlement Class Representatives and Defendant to have adequately evaluated and considered their positions.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Agreement and Settlement are fair, reasonable, and adequate as to each of the Parties, and that the Agreement and Settlement are hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Agreement, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Parties are to bear their own costs, except as and to the extent provided in the Agreement and herein.

9. Pursuant to, and as more fully described in Section IX of the Agreement, upon the Effective Date, Plaintiffs and each of the Settlement Class Members who have not timely excluded themselves from the Settlement Class ("the Releasing Parties") shall be deemed to have, and by operation of this Judgment shall have, fully and irrevocably released and forever discharged the Released Parties from the claims identified in Paragraphs 60 through 61 of the Agreement. In addition, on the Effective Date, Defendant shall be deemed to have, and by operation of this Judgment shall have, fully and irrevocably released and forever discharged Plaintiffs and Plaintiffs' counsel from the claims described in Paragraphs 62 and 63 of the Agreement.

10. The Notice given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, all other applicable laws and rules, and the requirements of due process.

11. The Court hereby approves (i) the requested Service Awards of $1,000 for each Settlement Class Representative, in accordance with the Agreement; and (ii) the requested Fee and Expense Award of $475,000 to Class Counsel, in accordance with the Agreement and the Supplemental Agreement Regarding Plaintiffs' Counsel's Request for Attorneys' Fees and Expenses, dated June 12, 2018 ("Supplemental Fee Agreement").

12. The Court has carefully and separately scrutinized the fairness of the agreed upon Fee and Expense Award to Class Counsel. In the Eleventh Circuit, fee awards in common fund cases are calculated as a reasonable percentage of the total value of the settlement benefits made

available to the class, rather than the claims rate or the actual payout. See Waters v. Int'l Precious Metals Corp., 190 F.3d 1291, 1295-97 (11th Cir. 1999)("[A]ttorney's fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class" and "no case has held that a district court must consider only the actual payout in determining attorneys' fees."). In Waters, the district court approved a class action settlement involving a $40 million reversionary settlement fund and a fee award of $13.3 million to class counsel, representing 33-1/3 percent of the settlement fund. Id. at 1292-93. The defendants appealed the award of attorney's fees, arguing that the court should have considered the actual payments made to the class, as opposed to the percentage of the funds made available to the class. Id. at 1294-95. The defendants argued that class counsel were entitled to a much lower fee because most of the settlement funds were going to revert back to the defendant. Id. The Eleventh Circuit affirmed the attorney's fee award and confirmed that the proper measure of the attorney's fees was based on a percentage of the "total available fund" rather than the actual payout to class members. Id. at 1295. This Court agrees with Plaintiffs' statement that "attorneys who undertake the risk of contingency litigation and successfully obtain a settlement on behalf of a class should be awarded attorneys' fees based on the opportunity that they create for the class to participate in settlement relief." (Doc. # 58 at 9).

13. Here, applying Waters, the total benefits under the settlement include the $875,000 in monetary relief made available to the class as the settlement fund, the $972,921.60 in credit and identity monitoring protection services provided through Trans Union, plus the value of the enhanced data security measures implemented at Lincare to protect the personal data of past and present employees. To date, only 43 claims have been submitted under the Settlement, out of a total of 2,032 total Class Members. This results in a claims rate of 2.1%. (Doc. # 58 at 13, n.8).

The Court recognizes that "there may be many reasons or no reasons why class members decide to participate in a settlement, e.g. desire not to be involved in litigation, ideological disagreement with the justice system, their individual experiences . . . or sympathy for the defendant. . . . Whatever the underlying reason, that is a decision to be made by each class member. Those decisions, however, do not affect whether the settlement provided to the class is fair, adequate and reasonable." Montoya v. PNC Bank, N.A., No. 14-20474, 2016 U.S. Dist. LEXIS 50315, at *77-78 (S.D. Fla. Apr. 13, 2016). After giving the matter careful consideration, and applying a lodestar cross check, the Court approves the Fee and Expense Award to Class Counsel.

14. Payment of the Service Awards and the Fee and Expense Award made by Defendant shall be paid in accordance with the terms and conditions set forth in the Agreement and Supplemental Fee Agreement.

15. Neither the Agreement nor the Settlement contained therein, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement is, or may be deemed to be used as, an admission or evidence of (a) the validity of any of the allegations in the Litigation or the validity of any of Released Claim, (b) any wrongdoing or liability of the Defendant or its respective Related Persons, or (c) any fault of omission of any of the Defendant or its respective Related Persons, whether in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons, Plaintiffs, Class Members, and Class and Liaison Counsel may file the Agreement and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, including,

without limitation, specific performance of the Settlement embodied in the Agreement as injunctive relief. The Parties may file the Agreement and/or the Judgment in any proceeding that may be necessary to consummate or enforce the Agreement, the Settlement, or the Judgment.

16. The Court declines to retain jurisdiction over this case.

17. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the Settlement does not become effective in accordance with the terms of the Agreement or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by, and in accordance with, the Agreement and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by, and in accordance with, the Agreement, and the Parties shall revert to their respective positions in the Litigation as of May 13, 2018, as provided in the Agreement.

19. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

20. The Court directs immediate entry of this Judgment by the Clerk of the Court.

21. The Clerk shall close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida on this 7th day of December, 2018.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE